## SALES OF LAND.

### Municipal Court of Cincinnati.

FRED H. KRUGER AND LAURETTA KRUGER, VS. MRS. EDWARD H. SCHOELWER, NATHANIEL GREEN AND MRS. NATHANIEL S. GREEN.

#### Decided March, 1923.

*Contracts for Sale and Purchase—Variance in Offer of Purchase—Action for Recovery of Earnest Money, Appropriated by the Agent.*

A contract for the sale of land is not enforcible unless the terms of the acceptance are identical with those of the offer of purchase.

*Wm. R. Collins* Attorney for Plaintiff.
*Gatch, McLaughlin & Gatch*, Attorneys for Mr. and Mrs. Green.
*John W. Cowell*, Attorney for Mrs. Schoelwer.

Alexander, J.

This is an action brought by the plaintiffs against Mrs. Edward H. Schoelwer, Nathaniel S. Green and Mrs. Nathaniel S. Green, defendants to recover the sum of $100 which the plaintiffs paid to the defendant, Mrs. Edward H. Schoelwer as earnest money in the purchase of real estate at No. 2533 Park avenue, Cincinnati, Mrs. Schloelwer acting as agent for the said defendants, Mr. and Mrs. N. S. Green.

The contract of agency held by Mrs. Schoelwer and signed by Mr. and Mrs. Green reads as follows:

"Cincinnati, Ohio, Oct. 31, 1922.

"We hereby authorize and employ you as our agent to sell· the following described property, situated in the city of Cincinnati, County of Hamilton, and State of Ohio, and known as 2533 Park avenue, Walnut Hills, for the sum of $6,250 net dollars payable ————. We guarantee a marketable title and will convey said property by deed of General Warranty, in fee simple, with release of dower.

"In consideration of your efforts to secure a purchaser, we agree to pay a commission of 4 per cent on the amount for which said property may be sold or exchanged, and further agree that you shall have the exclusive right to sell said property for the period of two months and thereafter until we give you written notice withdrawing the same and that you shall be entitled to your commission if the property is sold or exchanged by you, or the undersigned or any other person at any price acceptable to the undersigned during the existence of this contract.

Nat. S. Green,

"Hazel A. Green."

There was no written acceptance of their offer by Mrs. Schoelwer, but she proceeded to find a purchaser for said property, and obtained the following written offer for the premises from the plaintiffs:

"We hereby agree to purchase the following described property, being frame house on lot 25x85 feet located at 2533 Park Avenue for the sum of Six Thousand One Hundred Dollars, and agree to pay the sum of one hundred dollars as first payment on same, the receipt of which is hereby acknowledged and agree to pay the balance of $6,000 Dollars cash at time of settlement. The property to be clear free and unincumbered except present owner to pay taxes due December, 1922. Possession to be given before or by December 9, 1922. Screens, shades and all fixtures to remain. In case owner fails to furnish good title and warranty deed on the aforesaid property any money paid therein as part payment on aforesaid property will be returned and this agreement to be null and void.

Signed   "F. H. Kruger,

"Lauretta Kruger."

The sum of $100 mentioned in said offer was then and there paid to the defendant, Mrs. Schoelwer, acting as agent for the

defendants, Mr. and Mrs. Green. Mrs. Schoelwer took plaintiffs' offer of purchase to Mr. and Mrs. Green for their signature of acceptance, but it was never signed nor accepted by them. This money, which is the subject of this controversy, never reached Mr. and Mrs. Green, but was appropriated and is still retained by Mrs. Schoelwer. Plaintiffs seek to recover said one hundred dollars, alleging that Mr. and Mrs. Green never accepted their offer to purchase and hence the money should be returned. The defendant, Mrs. Schoelwer, maintains that she was the duly authorized agent of Mr. and Mrs. Green to sell said property, and that Mr. and Mrs. Green's signature of acceptance was not necessary for a binding contract, and that the real reason plaintiffs did not purchase said premises was because they were unable to borrow the money to complete said purchase. The defendant, Nathaniel S. Green, testified at the hearing that he and Mrs. Green always were ready, able and willing to sell and convey said property to the plaintiffs, and that they are now ready, able and willing to sell and convey said premises to the plaintiffs in accordance with plaintiffs written offer of purchase. At the conclusion of plaintiff's testimony the court granted the motion to dismiss the defendants, Mr. and Mrs. Green, and the action proceeded against Mrs. Schoelwer.

If the court could read the minds of the plaintiffs, it would probably find that the real reason plaintiffs did not purchase this property was their inability to borrow the money necessary to complete the transaction as claimed by the defendant, Mrs. Schoelwer. But this is merely conjecture, and the court can not rest its decision on conjecture or belief, but must be guided by the evidence introduced and the law governing this case.

In the opinion of the court the controlling factor in this case is whether or not there was an enforceable contract between the plaintiffs and Mr. and Mrs. Green, when plaintiffs signed and delivered the offer of purchase to Mrs. Schoelwer and paid to her, as agent for Mr. and Mrs. Green, said sum of $100 on account of the purchase price for said property.

The court is of the opinion that plaintiffs' said offer to purchase and said payment of $100 did not constitute an enforceable

contract against Mr. and Mrs. Green until the same had been signed and accepted by them. It is true that Mrs. Schoelwer was Mr. and Mrs. Green's agent for the sale of this property, and had a right as such agent to enter into a contract of sale on behalf of her principals with a purchaser in accordance with her contract of employment from Mr. and Mrs. Green; but as such agent Mrs. Schoelwer had no right nor authority to bind her principals to any contract unless the provisions therein were identical with those contained in her contract of employment.

Plaintiff's offer to purchase varied materially from Mrs. Schoelwer's contract of employment. The purchase price was $6,100 instead of $6,250. It also provided that possession be given before or by December 9th, 1922, and also among other things, that screens, shades and all fixtures were to remain.

*Spengler* v. *Sonnenberg et al*, 88 O. S., 192, syl. 2, seems to control this matter:

If an agent, acting under express authority to enter into a written contract for the sale of land, makes a contract for his principal, which includes terms not authorized, the agreement is void, and its performance will not be enforced.''

It is not enough for Mr. and Mrs. Green to state that they were ready, able and willing and are still ready, able and willing to sell and convey said property in accordance with plaintiffs' offer to purchase; it was necessary that they should legally bind themselves to do so.

In the opinion of the court plaintiffs could not compel Mr. and Mrs. Green to sell and convey this property to them and give them possession before or by December 9th, 1922, in accordance with their offer of purchase; hence plaintiffs are not bound. Plaintiffs' offer of purchase never having been accepted, plaintiffs are entitled to a return of said $100 from the defendant, Mrs. Schoelwer.